IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMCO MORRIS, | No. 2:12-CV-2116-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 17).  Petitioner is challenging a 2008 prison disciplinary proceeding.

**I.    MOTION TO DISMISS**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

        Respondent brings this motion to dismiss petitioner's federal habeas corpus petition on the grounds that the petition fails to challenge the fact or duration of petitioner's imprisonment and due process is not implicated absent a deprivation of credits.  Respondent argues that because petitioner is an indeterminately sentenced inmate who has already surpassed his minimum eligible parole date and is receiving parole consideration hearings, the loss of credit has no direct impact on the time he must serve in prison.  In addition, respondent argues that as an indeterminately sentenced inmate, due process is not implicated by the loss of credits, which requires only minimal due process when the statutory credits may reduce an inmate's sentence.  Such is not the case here, when petitioner does not earn statutory credits due to his indeterminate sentence.

        Petitioner opposes the motion, arguing that the disciplinary action will impact the duration of his sentence as the controlling factor in a parole eligibility hearing is whether an inmate poses a current unreasonable danger or risk to public safety, and a disciplinary infraction for fighting is a violent act.  In addition, he contends that when and if he is found suitable for parole, he would be denied good time credits in the amount of 120 days for each serious disciplinary infraction.

        Petitioner is challenging a rules violation report (RVR) wherein he was charged with mutual combat.  Petitioner was found guilty of the charges, assessed 61 days credit forfeiture, 30 days loss of yard privileges, and 90 days loss of Friday night visits.  Petitioner filed an administrative appeal challenging the finding of guilt as arbitrary and capricious, and lack

evidentiary support. His appeal was denied. He then filed a petition for writ of habeas corpus in the Solano County Superior Court, which was denied. The California Court of Appeals and the California Supreme Court also denied his petitions.

A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Challenges to prison disciplinary convictions in which the inmate has lost time credits must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside. See Edwards v. Balisok, 520 U.S. 641 (1997). Federal habeas corpus jurisdiction also exists when a prisoner seeks "expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)); see also Docken v. Chase, 393 F.3d 1024, 1028- 29, 1031 (9th Cir. 2004) (challenging state parole board's refusal to provide petitioner with annual review of his suitability for parole).

Expungement of a disciplinary finding is "likely" to accelerate a prisoner's eligibility for parole when his claim has "a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within the 'core' challenges identified [in Preiser]." Docken, 393 F.3d at 1031. An inmate's claim strikes at the core of habeas corpus when it "attack[s] the very duration of [his] physical confinement itself" and seeks "immediate release or speedier release from that confinement." Preiser, 411 U.S. at 487-88, 498. The Ninth Circuit has concluded that a "sufficient nexus" exists, and therefore habeas jurisdiction, where a prison inmate "seek[s] only equitable relief in challenging aspects of [his] parole review that . . . *could* potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031 (emphasis in original). However, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."

3

Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  "[T]he *likelihood* of the effect on the overall length of the prisoner's sentence . . . determines the availability of habeas corpus." Docken, 393 F.3d at 1028 (quoting Ramirez, 334 F.3d at 858) (emphasis in original).

A disciplinary violation may affect the duration of an inmate's confinement in that it is one of several factors reviewed in determining parole eligibility.  See Cal. Code Regs. tit. 15, § 2402(a).  However, a disciplinary conviction is only one of several factors considered when reviewing an inmate's "risk of danger to society if released from prison."  Id.  The Board of Parole Hearings is required to consider "all relevant, reliable information available," including the prisoner's social history, mental state, criminal history and misconduct, the commitment offense, behavior before, during, and after the crime, "and any other information which bears on the prisoner's suitability for release."  Id., § 2402(b).  The unsuitability and suitability factors are "set forth as general guidelines" to be considered by the parole board.  Id., § 2402(c), (d).  The presence of a prison disciplinary conviction can therefore diminish the chance that an inmate will be granted a parole date, and prisoners are often advised to become or remain disciplinary free pending their next parole hearing.

In this case, petitioner has passed his minimum eligible parole date (MEPD), so any loss of credit would not directly impact the duration of his imprisonment.  However, the impact of an RVR, as discussed above, may have an impact in the duration of petitioner's imprisonment to the extent it may diminish his chance of being found suitable for parole. However, he has failed to provide the court with sufficient information to determine whether expungement of his RVR is likely to accelerate his eligibility for parole.  There is nothing in his petition or opposition to the motion indicating whether this RVR is the only one in his record, when he has received a parole suitability hearing, or whether he has previously been denied a parole date, and if so the reasons for the denial.   Instead, he has attached to his opposition a number of other parole hearing decisions issued to other inmates.  While these parole suitability determinations indicate other prisoners have been denied parole at least in part on prison


disciplinary findings, there is nothing to show that petitioner has been denied parole based on those same factors.  Nor is there any indication that this is the only disciplinary finding on petitioner's record, or whether he has previously been denied parole on the basis of other findings.  Thus, he fails to show that his claims rise above pure speculation as to whether or not the presence of this disciplinary conviction would affect his parole eligibility.  See Sandin v. Conner, 515 U.S. 472, 487 (1995) ("The chance that a finding of misconduct will alter the balance [or a parole suitability decision] is simply too attenuated to invoke the procedural guarantees of the Due Process Clause"); Ramirez, 334 F.3d at 859 (successful challenge to a prison disciplinary proceeding will not necessarily shorten the length of confinement because the Parole Board could deny parole for other reasons).  The undersigned therefore finds that petitioner's claim as to the possible affect the disciplinary conviction may have on his parole eligibility is too speculative for federal habeas jurisdiction.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 17) be granted, the petition be dismissed, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 18, 2015

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE